IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JOHN THOMPSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action File No. |
| : | **1:08-CV-87 (WLS)** |
| : | |
| RENEE TOMLINSON, Court Reporter, : | |
| : | |
| Defendant. : | |
| : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is defendant's motion for summary judgment (doc. 12).

On June 16, 2008, the Plaintiff filed this action alleging that Defendant, a court reporter, did not prepare a transcript of a Habeas Corpus Evidentiary hearing held on July 18, 2007 at Macon State Prison. (Doc. 2, Complaint). The case in which the hearing was held was John Thompson v. Hilton Hall, Warden, Civil Action Number 2006-CV-365. (Id.). Plaintiff states, "Plaintiff had 'no choice' but to file his Application for Certificate of Probable Cause to the Supreme Court of Georgia because the Hearing Judge no longer had Jurisdiction of Plaintiff's petition." (Id.). Further, Plaintiff stated, "Plaintiff strongly asserts without the Habeas corpus transcript from the hearing on July 18, 2007, the clerk of Superior Court of Macon County cannot forward the complete record to the Supreme Court of Georgia." (Id.). In addition, Plaintiff states, "the Supreme Court has 'delayed' hearing Plaintiff's Application for Certificate of Probable Cause until they receive the complete record including the Habeas Corpus Transcript from the clerk's

office of Macon County." (Id.).

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of

law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

Defendant has filed an affidavit and a copy of the file stamped transcript.  The Defendant states that she personally filed the transcript of the Habeas Corpus Evidentiary hearing that was held on July 18, 2007 at Macon State Prison in the case of <u>John Thompson v. Hilton Hall, Warden</u>, Civil Action Number 2006-CV-365 with the Clerk of Court for Macon County on June 20, 2008. (Doc. 16, Affidavit of Renee Tomlinson, Exhibit D). In addition, the file stamped copy of the transcript of the Habeas Corpus Evidentiary hearing that was held on July 18, 2007 at Macon State Prison in the case shows that it was filed on June 20, 2008 at 3:15 p.m. (Doc. 16, Exhibit E).

It would appear that plaintiff's requests for injunctive relief are now mooted by the filing of the state habeas transcript.

Defendant asserts that there has been no constitutional violation because the transcript was not part of the "underlying factual records" of plaintiff's criminal case, since the transcript was not part of his direct appeal, but instead was only part of plaintiff's collateral review.  In support of this argument, defendant states "[a]All who pursue articulable claims upon direct appeal are assured access to a transcript to aid their preparation". <u>Mayer v. City of Chicago</u>, 404 U.S. 189 (1971).    Defendant has submitted the orders affirming plaintiff's convictions on direct appeal, noting that plaintiff appealed on three different occasions.  (Doc. 16, Exhibits A, B, and C).

The Supreme Court in <u>Griffin v. Illinois</u>, 351 U.S. 12, 13, n. 3, 76 S.Ct. 585, 100 L.Ed. 891 (1956), held that, on appeal, indigent defendants must be provided with a free copy of a "report of proceedings," defined by the Court as "all proceedings in the case from the time of the

convening of the court until the termination of the trial[,]" including "all of the motions and rulings of the trial court, evidence heard, instructions and other matters which do not come within the clerk's mandatory record. Further, in Mayer v. City of Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971), the case cited by defendant in support of her motion, the Supreme Court held that on appeal an indigent defendant must be provided with a "full verbatim record where that is necessary to assure the indigent as effective an appeal as would be available to the defendant with resources to pay his own way." *Id.* at 195, 92 S.Ct. 410. Defendant uses this case to assert that plaintiff is only entitled to the protections of a free transcript on direct appeal only.

However, The Supreme Court subsequently extended Griffin, supra, to require the state to provide indigent defendants with transcripts of (a) state postconviction proceedings, Long v. District of Iowa, 385 U.S. 192, 192-94, 87 S.Ct. 362, 17 L.Ed.2d 290 (1966) ( *per curiam* ); (b) state habeas evidentiary hearings, Gardner v. California, 393 U.S. 367, 370, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969); and (c) petty offense trials, Williams v. Oklahoma City, 395 U.S. 458, 459, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969). *See also* Kennedy v. Lockyer, 379 F.3d 1041, 1047-1048 (9th Cir. 2004).

Therefore, defendant's argument that plaintiff was not entitled to a free transcript and therefore defendant's failure to provide him one was not a constitutional violation is without merit.

The undersigned views the issue in this case is whether or not an 11 month delay in preparing the transcript of this state habeas hearing violated plaintiff's constitutional rights. Defendant does not specifically address that issue, although plaintiff does in some length.

Plaintiff asserts that the State of Georgia Board of Court Reporting held a hearing on June 27, 2008 regarding defendant's failure to timely file the transcript of plaintiff's habeas hearing, and as a result issued a public reprimand for defendant's violation of state law. (Doc. 20 Exhibit A). Plaintiff further asserts that defendant admitted to ignoring plaintiff's repeated written requests because he was a *pro se* prisoner and stated that she now understands that she should respond to such requests as she would to any represented party. As a result of the 11 month delay, plaintiff contends that the state habeas court made its decision to dismiss the petition without benefit of reviewing the transcript. Moreover, plaintiff asserts that the appeal from that decision was delayed pending the submission of the state habeas transcript. (Doc. 19 Exhibit B).

As indicated by plaintiff, the Board in its public reprimand referenced one other similar transaction on the part of defendant. (Doc. 19 Exhibit C) The Board made specific findings of facts, finding that defendant had engaged in unethical, unprofessional, and deleterious conduct, and that the 11 month delay was unreasonable.

It is therefore the RECOMMENDATION of the undersigned that defendant's motion for summary judgment be **DENIED**; that the parties have THIRTY (30) DAYS from the date of this recommendation to file any additional motions for summary judgment that address the allegations in the case as set out above. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 20th day of August, 2009.

                                                                               //S Richard L. Hodge
                                                                               RICHARD L. HODGE
                                                                               UNITED STATES MAGISTRATE JUDGE

msd